CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
SEP 2 2 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DIRECTV, INC., ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:03cv00093 |
| ) | |
| JOEL CARRERA, ) | By: Hon. Michael F. Urbanski |
| Defendant. ) | United States Magistrate Judge |

## REPORT AND RECOMMENDATION

This matter is before the court on plaintiff DIRECTV, Inc.'s ("DIRECTV's") request for an award of attorneys' fees and costs pursuant to a judgment in plaintiff's favor. This matter is before the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

DIRECTV brought an action against defendant on November 11, 2003 alleging surreptitious possession and use of illegal devices designed to intercept and decrypt DIRECTV's protected satellite communications. Plaintiff alleged violations of the Federal Communications Act, 47 U.S.C. §§ 605(a), 605(e)(4) and the Electronic Communications Privacy Act, 18 U.S.C. § 2511(1)(a). Both statutes authorize the recovery of attorneys' fees for violations of the Acts.[1]

A bench trial was held before the district court on February 18, 2005. In a Memorandum Opinion and Order entered on August 19, 2005, the court entered judgment in favor of DIRECTV for two violations of § 605(a), one for each of the pirate access devices defendant

---

[1] 47 U.S.C. § 605(e)(3)(B)(iii) ("The court ... shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails."); 18 U.S.C. § 2520(b)(3) ("In an action under this section, appropriate relief includes ... a reasonable attorney's fee and other litigation costs reasonably incurred.").

purchased, and awarded $3,750 in damages for each violation. DIRECTV has filed a petition for award of fees and costs totaling $118,497.69, to which defendant has objected. In his objection, defendant asserts that $7,400 is a reasonable figure for attorneys' fees.

While the statute authorizes recovery of "full costs," by its own terms, any award of attorneys' fees must be reasonable. This case presents an interesting scenario in which to evaluate the requested attorneys' fees. While on one hand, the fees requested by DIRECTV seem grossly out of proportion to the amount of the recovery, on the other hand, defendant Carrera has admitted that his goal in this case was to make it as costly as possible for DIRECTV. While he lost on the merits, it appears from the magnitude of the fee award that he was ultimately wildly successful in driving up DIRECTV's costs in prosecuting this action. As a result, it is recommended that DIRECTV's petition for costs and fees be granted, but at a reduced level more commensurate to and reasonably grounded in the complexity of the issues and stakes involved in this case.

## I. PROCEDURAL STATUS

On August 19, 2005 the district court entered judgment for DIRECTV and awarded $7,500 in damages. The court found that defendant committed two separate violations of the Federal Communications Act, 47 U.S.C. § 605(a), and awarded damages of $3,750 for each violation. The court also found defendant liable for violating 18 U.S.C. § 2511(1)(a) but exercised its discretion not to award damages under the Act. 18 U.S.C. § 2520(c)(2)(B); see DIRECTV v. Lackey, 2005 U.S. Dist. LEXIS 9521, at *7-8 (W.D.N.C. May 11, 2005); Nalley v. Nalley, 53 F.3d 649, 652 (4th Cir. 1995).

2

On June 21, 2005, DIRECTV filed an affidavit in support of a petition for an award of attorneys' fees and costs, seeking a total award of $115,697.20, and containing certain supporting billing statements.

Defendant Joel Carrera responded to DIRECTV's request for an award of attorneys' fees on August 17, 2005. In his response, Mr. Carrera asked the court to award a total of $7,400 in attorneys' fees based on a rate of $175 per hour. Defendant breaks down the attorneys' fees as follows: $250 for actual lawsuit preparation, $250 for filing, $400 in mediation costs, $2,000 for conference calls and motions, $2,300 total for the cost of trial, $1,000 in administrative expenses, and $1,200 for depositions.

By order dated September 1, 2005, DIRECTV was directed to provide certain other information related to its fee request, including the identity of the persons appearing on the billing statements and their hourly rates.

On September 12, 2005, DIRECTV, by counsel, responded to the September 1, 2005 Order by filing a supplemental affidavit of counsel with more detailed information about the attorneys' fees and costs incurred in this matter. Exhibit 1 to the supplemental affidavit is a statement of attorneys' fees totaling DIRECTV's fees and costs to date at $118,497.69. The statement indicates $83,073.09 were incurred in fees and costs from the time of filing through the date of trial, with an additional $35,424.60 incurred from the date of trial to the present. Exhibit 2 contains itemized billing statements, and Exhibit 3 identifies the nineteen (19) lawyers and paralegals who billed time on this case.

## II. ANALYSIS

The Supreme Court has ruled that each party to a lawsuit must ordinarily bear its own attorneys' fees unless there is express statutory authorization to the contrary. Hensley v. Eckerhart, 461 U.S. 424, 429 (1983).

When statutes expressly authorize awards of attorneys' fees, the Fourth Circuit has adopted the lodestar method of determining reasonable attorneys' fees. Brodziak v. Runyon, 145 F.3d 194, 196 (4th Cir. 1998). The lodestar figure is calculated by multiplying the number of reasonable hours expended by a reasonable rate. Id.

The following factors should be considered in deciding what constitutes a reasonable rate: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorneys' opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorneys' expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. Brodziak, 145 F.3d at 196 (quoting EEOC v. Service News Co., 898 F.2d 958, 965 (4th Cir. 1990)).[2]

Consideration of these factors raises several concerns regarding the magnitude of the fees sought in this case. First, it is important to note that this case brought by DIRECTV was one of

---

[2] These factors are called the "Johnson factors" because the Fourth Circuit adopted them from Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). See Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir. 1978).

4

thousands filed by it around the country against alleged satellite TV pirates. Several dozen of these nearly identical cases were filed in this district alone. In that regard, the legal issues in this case were neither novel nor unique. Given the thousands of cases filed by DIRECTV, one would think that there would be some economies of scale associated with the handling of these cases. In stark contrast to such a suggestion, DIRECTV submits a request for an award of legal fees containing time billed by 19 separate persons. That point bears some emphasis: ***DIRECTV's request for attorneys' fees and costs in this case reflects time billed on this file from 19 separate persons.*** Second, it is hard to fathom why DIRECTV felt the need to have that many persons involved in prosecuting such a routine case against a defendant proceeding pro se, lacking any legal education or training. Given the number of cases filed by DIRECTV and the number of identical cases involving this law firm, and further given the fact that defendant was pro se, the difficulty of litigating this matter against this defendant hardly merited the enormous amount of time set forth in the billing statements. Third, the amount in controversy in this case and the amount of the judgment in no respect justify six figure legal fees. The damages award in this case was $7,500, which bears no relation to the fees and costs requested of $118,497.69. Fourth, nothing about this case is rocket science. The factual issues to be tried, whether Joel Carrera purchased a pirate access device and pirated DIRECTV's signal, are not difficult. Nor do the statutes raise complex or thorny legal issues involving standing or constitutionality which might justify extraordinary legal efforts.

In short, the six figure bill submitted for approval in this case appears grossly out of proportion to most of the Johnson factors. The time and effort appear to dwarf the factual and legal issues involved in a case where the pleadings and legal issues mirror those filed by the same

client in courts around the country and this district. As noted above, neither the novelty nor difficulty of this case merits such charges. The skill required to properly perform the legal work required on this case does not merit any increased hourly rate. The court has been unable to locate any cases in which such colossal fees have been awarded in any of the thousands of DIRECTV cases brought around the country. Indeed, the fee awards from reported cases are nowhere near the fees requested in this case.[3] Given the number of persons whose time appears on these statements, the undersigned cannot imagine that this fee bears any relation to a customary fee for like work. Given the undersigned's experience with many of the results in DIRECTV cases in this district, it would strain credulity to contend that the fees in this case bear any relation to the attorneys' expectations at the outset of the litigation. The amount in controversy and results obtained certainly do not support such an award, nor are there any other factors which do.

On the other hand, there is no question that Carrera's actions in this case drove up the cost of an otherwise rote bit of litigation. Indeed, unnecessarily increasing the cost of this litigation to DIRECTV appears to be a deliberate tactic employed by Carrera. In postings on an

---

[3] A review of attorneys' fee awards in DIRECTV cases shows a range from roughly $300 to $5,000. While many of these awards are for default judgments, they pale in comparison to what plaintiff claims in this case. See, e.g., Directv v. Hughes, No. 5:03CV148, 2005 U.S. Dist. LEXIS 9213, at *5 (W.D. Mich. May 17, 2005) (awarding $850 in attorneys' fees under 47 U.S.C. § 605(e)(3)(B)(iii)); Directv v. Jarman, No. 3:04CV452(MU), 2005 U.S. Dist. LEXIS 9523, at *11 (W.D.N.C. May 11, 2005) (finding legal fees in the amount of $430.50 excessive and awarding fees in the amount of $300 and costs of $240 under 18 U.S.C. § 2520(b)(3)); Directv v. Laux, No.03-04357-JF, 2005 U.S. Dist. LEXIS 236, at *3 (E.D. Pa. Jan. 7, 2005) (awarding attorneys' fees of $4,845); Directv v. Borich, No.1:03CV2146, 2004 U.S. Dist. LEXIS 18899, at *17-18 (S.D. W.Va. September 17, 2004) (awarding attorneys' fees in the amount of $1,573 under 47 U.S.C. § 605(e)(3)(B)(iii)); Directv v. Forman, No. H-03-1770, 2004 U.S. Dist. LEXIS 15316, at *5 (S.D. Tex. March 25, 2004) (awarding legal fees in the amount of $3,200).

Case 6:03-cv-00093-NKM-mfu   Document 104   Filed 09/22/05   Page 6 of 9   Pageid#: 768

Internet website, Carrera admitted that his motivation was to make this litigation as costly for DIRECTV as possible:

> I'm going to go BK pretty much for sure. I just want to waste their money right now. The ten year statute is something I did not quite understand. I did not think they could hold a judgement for that long. But if your advise is true. I may have to declare BK the last minute before trial? Also, quick question. Can I still go to BK and go to trial. I kind want that because I want them to loose so much money.[4]

On balance, therefore, the undersigned recommends that the statute requires an award of attorneys' fees, but not at the level requested by plaintiff. At the end of the day, there is no reason that this uncomplicated piece of routine litigation should cost anywhere near the amount of attorneys' fees claimed by plaintiff. The fact that 19 different persons entered time on a matter against a pro se defendant makes it plain that the fees requested on this matter are out of proportion to the size, complexity and nature of this action. As such, considering the Johnson factors, it is recommended that a more modest fee commensurate with the issues in this case be awarded, along the following lines.

It is apparent that most of the trial work was done by Adam Casagrande, who was handling many of the DIRECTV cases in this district. Considering the time entries for Mr. Casagrande and the fact that he was principally responsible for this case, the undersigned believes that the majority of the fees and expenses associated with his involvement in this case

---

[4] See Docket Entry #72. These and other Internet postings by defendant were the subject of an earlier motion for Protective Order in this case. Following in camera review of defendant's many Internet postings about this lawsuit, the undersigned determined that these materials were not relevant or material to the issues to be tried, but might be relevant to a renewed motion for sanctions after trial. Likewise, these materials are relevant to plaintiff's fee request as such information bears on the cost to plaintiff of pursuing this action.

7

should be awarded[5]. Likewise, the undersigned believes that some fees should be awarded for a supervising partner and a paralegal on this case, along with those expenses actually incurred at trial.[6] Those fees and expenses break down as follows:

| | |
|---|---:|
| Adam Casagrande, trial lawyer: | $18,125.00 |
| Supervising partner: | 2,500.00 |
| Paralegal: | 8,500.00 |
| Costs: | 7,837.04 |
| Total award: | $36,962.04 |

## V. CONCLUSION

Therefore, it is recommended that the amount of $36,962.04 be awarded in this case as full costs, including reasonable attorneys' fees, to DIRECTV, the prevailing aggrieved party, pursuant to 47 U.S.C. § 605(e)(3)(B).

The Clerk is directed immediately to transmit the record in this case to the Hon. Norman K. Moon, United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note any objections to this Report and Recommendation within ten (10) days

---

[5] At the same time, however, the undersigned does not believe that a rate of $190 per hour is appropriate for an young associate of Mr. Casagrande's experience level. Originally, associates billed at a rate of $145 on this case, but this rate was inexplicably increased between February and March 2004 to $190. The undersigned uses the original $145 figure, which more accurately reflects the amount of skill, experience and difficulty of this litigation under Johnson. Mr. Casagrande billed a total of 164.9 hours on this file, 125 of which are recommended, and based to some extent on the difficulties experienced with Carrera. In recommending this amount, the undersigned took into consideration that approximately 25 of the bill hours were for travel between Mr. Casagrande's office in Virginia Beach and the Western District.

[6] Similarly, the bills contain various hourly rates for supervising partners and paralegals on this file. The undersigned uses the lowest rates billed, $100, and $250, for paralegal and partner time, respectively, on this case. 173.3 paralegal and 37.5 supervising partner hours were billed on this file. The undersigned believes that an appropriate award should include 85 paralegal hours and 10 supervising partner hours.

8

hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk of the Court hereby is directed to send a certified copy of this Report and Recommendation to defendant and counsel for plaintiff.

**ENTER:** This 22nd day of September, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

Case 6:03-cv-00093-NKM-mfu   Document 104   Filed 09/22/05   Page 9 of 9   Pageid#: 771